IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Frederick L. Howell, #310890,                )
                                             )      No. 4:14-cv-3869-RMG
      Petitioner,                       )
                                             )      **ORDER**
vs.                                          )
                                             )
Warden, Broad River Correctional             )
Institution,                                 )
                                             )
      Respondent.                       )
_____)

      This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 19), recommending that Defendant's petition be dismissed without prejudice as a successive and unauthorized petition for habeas corpus without the necessity of requiring Respondent to file a return. Petitioner has filed an objection indicating that his action was one for declaratory relief and was not subject to the rule against successive habeas petitions under 28 U.S.C. § 2254. (Dkt. No. 21).

      The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

Petitioner has filed a previous § 2254 petition that was dismissed as untimely. Plaintiff has not received authorization from the Court of Appeals for the filing of a second and successive petition. Petitioner acknowledges these facts but contends that by labeling his action as one for declaratory relief he is not subject to the prohibition against unauthorized successive petitions under § 2254. It is well settled, however, that a petitioner may not avoid the prohibition against unauthorized successive habeas petitions simply by labeling the challenge to his state conviction and/ or sentence as an action for declaratory relief. *See, Hendricks v. Virginia*, 559 Fed. Appx. 208 (4th Cir. 2014); *Ballard v. True*, 30 Fed. Appx. 347810 (4th Cir. 2002).

The Court has reviewed the Petitioner's filings and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 19) as the order of this Court. Accordingly, Petitioner's habeas petitions is **DISMISSED** without prejudice.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

-3-

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

January 16, 2015
Charleston, South Carolina